J-S75019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN T. DULIK, JR. | : | |
| | : | |
| Appellant | : | No. 678 WDA 2019 |

Appeal from the PCRA Order Entered April 2, 2019,
in the Court of Common Pleas of Greene County,
Criminal Division at No(s): CP-30-CR-0000367-2016.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MARCH 10, 2020**

Steven T. Dulik, Jr., appeals from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act.[1]  We affirm.

In October 2016, Dulik drove to the place of employment of his estranged wife, Danielle, and demanded to speak to her about their children. Dulik refused to leave when Danielle requested him to do so.  He then dragged Danielle toward his vehicle, which he had left running with the doors open. She screamed for help, and yelled to her coworker, Joseph Milliken, to call 911.  Dulik told Milliken that, if he called 911, Dulik would kill both Danielle and Milliken.  Dulik then placed Danielle in a headlock, and pointed the barrel

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 9541-9546.

of a gun against her head. Milliken then tripped Dulik, which permitted Danielle to break free and run to safety. When Dulik got back up, he pointed his gun at Milliken, before redirecting his attention to Danielle, who had run to a business across the street. A worker at a nearby business who witnessed the event retrieved his firearm and ran to the scene in order to confront Dulik. Dulik then got into his vehicle and drove away. The Duliks' two-year-old daughter witnessed the entire incident.

Police arrested Dulik and charged him with aggravated assault, firearms not to be carried without a license, terroristic threats, simple assault, recklessly endangering another person, and disorderly conduct. The matter proceeded to trial, after which a jury convicted Dulik of all charges. The trial court imposed an aggregate sentence of three years and four months to fourteen years. This Court affirmed Dulik's judgment of sentence. **See Commonwealth v. Dulik**, 194 A.3d 702 (Pa. Super. 2018) (unpublished memorandum).

Dulik thereafter filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition alleging the ineffectiveness of trial counsel. After conducting an evidentiary hearing on February 11, 2019, the PCRA court determined that the ineffectiveness claims lacked merit, and issued a notice of its intent to dismiss the petition. On May 3, 2019, the

PCRA court dismissed the petition.  Dulik filed a timely notice of appeal.[2]  Both

Dulik and the PCRA court complied with Pa.R.A.P. 1925.

Dulik raises the following issues for our review:

1. Whether the trial court erred in ruling that [Dulik] received effective assistance of trial counsel when trial counsel failed to object to the admission of the Commonwealth's firearm license exhibit.

2. Whether the trial court erred in ruling that [Dulik] received effective assistance of trial counsel when trial counsel failed to present the defense that [Dulik] had a license to carry and did not receive notice of revocation of his license from the Sheriff's Office in accordance with 18 Pa.C.S.A. § 6109(i).

3. Whether the trial court erred in ruling that [Dulik] received effective assistance of counsel when trial counsel failed to object to the offense gravity score and sentencing range for the charge of firearm carried without a license.

Dulik's Brief at 4 (capitalization omitted).

We review an order dismissing a petition under the PCRA:

in the light most favorable to the prevailing party at the PCRA level.  This review is limited to the findings of the PCRA court and the evidence of record.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it.  Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.  However, we afford no such deference to its legal conclusions.  Where the

_____

[2] Dulik prematurely filed his notice of appeal on April 30, 2019, before the PCRA court entered its May 3, 2019 order formally dismissing the petition. However, pursuant to our Rules of Appellate Procedure, the notice was deemed as timely filed on May 3, 2019.  *See* Pa.R.A.P. 905(a)(5) (providing that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

- 3 -

petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Additionally, the petitioner must demonstrate:

> (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotation marks omitted). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010).

In his first issue, Dulik contends that trial counsel was ineffective for failing to object to the Commonwealth's Exhibit 14, which is a computer printout of a Gun Permit Check from the National Criminal Information Center ("NCIC") indicating that his license to carry a firearm was revoked. According to Dulik, Exhibit 14 was the sole evidence used by the Commonwealth to establish that his license had been revoked, which is an essential element of firearms not to be carried without a license. Dulik claims that no evidence was presented at trial "to establish the source, accuracy, authenticity, reliability or the manner in which the data was compiled or recorded." Dulik's Brief at 15-16. On this basis, he argues that counsel was ineffective for failing to object to the exhibit based on "lack of foundation, lack of authenticity, hearsay." *Id*. at 15. Dulik further challenges the PCRA court's determination that trial counsel was not ineffective for failing to object to Exhibit 14 because she believed that Dulik's license had been revoked. Dulik asserts that counsel's personal belief did not negate her obligation to object to an exhibit that contained hearsay, and lacked authentication and foundation.

The PCRA court determined that Dulik's first issue lacks merit because the Commonwealth presented other evidence at trial which established that Dulik's firearm license had been revoked. Specifically, the PCRA court heard the testimony of Dulik's trial counsel, who testified that Dulik told her that he had received a letter indicating that his license had been revoked. *See* PCRA Court Order, 4/3/19, at 7; *see also* N.T. PCRA Hearing, 2/11/19, at 6.

Counsel also testified that she personally visited the Greene County Sheriff's Office and obtained confirmation from Deborah Stockdale of the Sheriff's Office that Dulik's license had been revoked, and that a letter was sent to Dulik notifying him of the revocation. **See** PCRA Court Order, 4/3/19, at 7; **see also** N.T. PCRA Hearing, 2/11/19, at 17, 20, 22, 25. Counsel further testified that she was provided with an email sent by Ms. Stockdale to Sheriff Brian Tennant ("Exhibit 1"), advising that Dulik had called the Sheriff's Office and wanted to know why his license had been revoked. N.T. PCRA Hearing, 2/11/19, at 17, 20, 21.

Ms. Stockdale also testified at the evidentiary hearing, and confirmed that Dulik's license had been revoked, and that she had sent a letter to him via first class mail advising of this fact. **See** PCRA Court Order, 4/3/19, at 7; **see also** N.T. PCRA Hearing, 2/11/19, at 33-34. Ms. Stockdale further testified that, after she sent the revocation letter, Dulik called the Sheriff's Office, indicated that he had received the letter, and was "[e]xtremely upset and wanted to know why his license was revoked." N.T. PCRA Hearing, 2/11/19, at 34, 41. Ms. Stockdale then prepared an email to the Sheriff (Exhibit 1), advising him that Dulik had called and wanted to know why his license had been revoked. **Id**. at 34-35; **see also** Commonwealth Exhibit 1. Ms. Stockdale confirmed that Dulik's counsel came to the Sheriff's office and inquired as to the status of Dulik's license. **Id**. at 36.

The PCRA court credited the testimony of trial counsel and Ms. Stockdale, and determined that their testimony established that counsel's investigation revealed that Dulik's license had, in fact, been revoked. **See** PCRA Court Order, 4/3/19, at 7. On this basis, the court determined that Dulik's first ineffectiveness claim warranted no relief. **See id**. at 8, 11, 17-18.[3]

Viewing the evidence in the light most favorable to the Commonwealth, as the prevailing party at the PCRA level, we conclude that the PCRA court's ruling is supported by evidence of record and is free of legal error. The testimony of trial counsel and Ms. Stockdale showed that Dulik's license was revoked. Moreover, contrary to Dulik's claim, Exhibit 14 was not the only evidence presented at trial to establish that his firearm license had been revoked. Accordingly, even if counsel had successfully objected to the admission of Exhibit 14, Dulik cannot demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different. **See Johnson**, **supra**. We therefore affirm the PCRA court's determination that Dulik's first ineffectiveness claim entitles him to no relief.

_____

[3] Notably, counsel also testified that she did not object to Exhibit 14 because it was introduced through the testimony of a state trooper who laid a foundation for the exhibit to be admitted as a business record by explaining the manner in which he had obtained that document in the usual course of his investigation. **See** N.T. PCRA Hearing, 2/11/19, at 23.

In his second issue, Dulik contends that trial counsel was ineffective for not challenging the notice he received advising of the license revocation. Specifically, the revocation letter that the Sheriff sent to Dulik was not certified, as required by 18 Pa.C.S.A. § 6109(i). Subsection 6109(i) provides as follows:

> ***Revocation. —*** A license to carry firearms may be revoked by the issuing authority for good cause. A license to carry firearms shall be revoked by the issuing authority for any reason stated in subsection (e)(1) which occurs during the term of the permit. Notice of revocation shall be in writing and shall state the specific reason for revocation. ***Notice shall be sent by certified mail to the individual whose license is revoked***, and, at that time, notice shall also be provided to the Pennsylvania State Police by electronic means, including e-mail or facsimile transmission, that the license is no longer valid. An individual whose license is revoked shall surrender the license to the issuing authority within five days of receipt of the notice. An individual whose license is revoked may appeal to the court of common pleas for the judicial district in which the individual resides. An individual who violates this section commits a summary offense.

18 Pa.C.S.A. § 6109(i) (emphasis added).

Dulik additionally argues that, because the revocation letter was not preserved by the Greene County Sheriff's Office, the contents of the notice could not be established. Dulik posits that, through appropriate investigation, counsel should have discovered and argued that the certification requirement of § 6109(i) was not met.

The PCRA court acknowledged that, pursuant to § 6109(i), the Sheriff's Office is required to send a revocation letter by certified mail, and that the Sheriff's Office did not satisfy this requirement because it sent the revocation

letter to Dulik via first class mail. *See* PCRA Court Order, 4/3/19, at 7, 8-9. However, based on the court's interpretation of § 6109(i), it did not find that the lack of certification in any way affected, or provided a defense to, the revocation determination because counsel's investigation revealed that Dulik had actual notice of the revocation on the date of the incident in question.[4] First, Dulik's trial counsel testified that Dulik told her that he received a letter from the Sheriff's Office indicating that his license had been revoked. *See* PCRA Court Order, 4/3/19, at 7; *see also* N.T. PCRA Hearing, 2/11/19, at 6. Additionally, Ms. Stockdale testified that she sent a letter to Dulik via first class mail advising him that his license had been revoked. *See* PCRA Court Order, 4/3/19, at 7; *see also* N.T. PCRA Hearing, 2/11/19, at 33-34. Ms. Stockdale further testified that, after she sent the revocation letter, Dulik called the Sheriff's Office and indicated that he received the revocation letter. N.T. PCRA Hearing, 2/11/19, at 34, 41. Ms. Stockdale then prepared an email to the Sheriff (Exhibit 1), advising him that Dulik had called and wanted to know why his license had been revoked. *Id*. at 34-35; *see also* Commonwealth Exhibit 1. Because ample evidence demonstrated that Dulik

---

[4] The PCRA court concluded that a failure to send a revocation letter by certified mail provided a defense only to the summary offense of failing to surrender the license within five days of receipt of the revocation notice. *See* PCRA Court Order, 4/3/19, at 9; *see also* 18 Pa.C.S.A. § 6109(i) (providing that "[a]n individual whose license is revoked shall surrender the license to the issuing authority within five days of receipt of the notice. . . . An individual who violates this section commits a summary offense.").

had received actual notice of the revocation, and that he was aware of the revocation on the date of the incident in question, the PCRA court determined that counsel was not ineffective for failing to challenge the lack of a certified revocation letter. **See** PCRA Court Order, 4/3/19, at 8, 11.

Viewing the evidence in the light most favorable to the Commonwealth, as the prevailing party at the PCRA level, we conclude that the PCRA court's factual findings are supported by the evidence of record. Accordingly, we will not disturb them. **See Ford**, 44 A.3d at 1194. Additionally, we discern no error in the PCRA court's interpretation of § 6109(i), or in the court's conclusion that the failure to certify the revocation letter did not provide Dulik with a defense to the firearms not to be carried without a license charge. **See id**. The purpose of the certified mail requirement in § 6109(i) is to ensure the firearms owner receives notice of the license revocation. Here, Dulik's receipt of the notice was not disputed, and the evidence showed that he knew that his license was revoked. As the PCRA court's conclusion that counsel was not ineffective in failing to challenge the lack of certification is supported by the record, we affirm its determination that Dulik's second ineffectiveness claim warrants no relief.

In his third issue, Dulik contends that trial counsel was ineffective for failing to challenge the offense gravity score ("OGS") of 9 (applicable to a loaded firearm) that the trial court applied to his firearms conviction. Dulik argues that there was no evidence presented at trial that the gun was loaded

when he pointed it at Danielle and Millikin, noting that there were no shots fired, no ammunition was observed, and the gun was never recovered. On this basis, he claims that counsel was ineffective in failing to argue that the trial court should have applied an OGS of 7 (applicable to an unloaded firearm) to the firearms conviction.

The PCRA court concluded that testimony from several witnesses regarding Dulik's threats to Danielle and Millikin that he would use the gun to "kill" them provided sufficient evidence that the gun was loaded. **See** PCRA Court Order, 4/3/19, at 13 (stating "[t]he [c]ourt is convinced that threats made to 'kill' with a handgun, suggests certainly through circumstantial evidence, that [Dulik] possessed a loaded weapon."). On this basis, it concluded that trial counsel was not ineffective for failing to object to the OGS of 9. **See id**. at 14.

As noted above, we review the record in the light most favorable to the Commonwealth. **See Ford**, 44 A.3d at 1194. The Commonwealth may sustain its burden of proof by means of wholly circumstantial evidence, and the jury, which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence. **Commonwealth v. Jacoby**, 170 A.3d 1065, 1078 (Pa. 2017). Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. **Ford**, 44 A.3d at 1194.

Dulik's own threats to kill Danielle and Millikin provided some indicia that his gun was loaded. Thus, the PCRA court's conclusion that counsel was not ineffective in failing to object to the OGS score of 9 is supported by the record. We therefore affirm the PCRA court's determination that Dulik's third ineffectiveness claim entitles him to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2020